**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| ISAU PABLOS PEREZ, | ) | |
| Petitioner, | ) | |
| | ) | No. 2:26-cv-02749-TLP-atc |
| v. | ) | |
| | ) | |
| CHRISTOPHER BULLOCK, | ) | |
| Respondent. | ) | |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Isau Pablos Perez, a noncitizen detained in the Western District of Tennessee petitions for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (ECF No. 1.) The Court ordered Respondent to show cause why the Writ should not be granted. (ECF No. 5.) Respondent responded (ECF No. 7), and Petitioner replied (ECF No. 8). The Court held a hearing to discuss administrative exhaustion of remedies with the Parties. (ECF No. 10.) For the reasons below, the Court **DENIES** the Petition and **DISMISSES** this case **WITHOUT PREJUDICE**.

**BACKGROUND**

Petitioner is a Mexican citizen who entered the United States at an unknown date, time, and location. (*See* ECF No. 7 at PageID 23). The Department of Homeland Security ("DHS") apprehended him on April 23, 2026, and then issued Petitioner a Notice to Appear, charging him under the Immigration and Nationality Act as "an alien present in the United States who has not been admitted or paroled." (*Id.*; ECF No. 7-1 at PageID 29.) Petitioner is currently in ICE custody at the West Tennessee Detention Center. (ECF No. 1 at PageID 3.)

Petitioner alleges his detention without an individualized bond hearing is illegal and violates the Constitution. (ECF No. 1 at PageID 2.) He seeks "immediate release from custody" or, in the alternative, "an individualized hearing before a neutral decision-maker. . . ." (*Id.* at PageID 14.) Respondent argues that the Court should dismiss the Petition because Petitioner has failed to exhaust his remedies and is lawfully detained under 8 U.S.C. § 1225(b)(1). (ECF No. 7 at PageID 24.)

**ANALYSIS**

Administrative exhaustion is required when mandated by Congress. *See McCarthy v. Madigan*, 503 U.S. 140, 144 (1992). But when, as here, no statute mandates exhaustion, whether to require exhaustion of administrative remedies lies within "sound judicial discretion." *Id.* In exercising that discretion, "federal courts must balance the interest of the individual in retaining prompt access to a federal judicial forum against countervailing institutional interests favoring exhaustion." *Id.* at 146; *see Smith v. United States Sec. & Exch. Comm'n*, 171 F.4th 312, 325 (6th Cir. 2026) ("This rule is designed to afford the agency the opportunity to reconsider its position in the first instance, and to promote efficient litigation.") (citation omitted). Institutional interests are "protecting administrative agency authority and promoting judicial efficiency." *McCarthy*, 503 U.S. at 145.

At times the interest of the individual weighs heavily against the institutional interests at stake. This includes when an "unreasonable or indefinite timeframe for administrative action" creates undue prejudice. *Id.* at 146–47. And it includes when administrative remedies are inadequate because the agency is not "empowered" to grant effective relief. *Id.* at 147. And it also includes when "an administrative remedy may be inadequate where the administrative body is shown to be biased or has otherwise predetermined the issue before it." *Id.* at 148. A court

may also waive exhaustion when pursuing administrative remedies would be futile. *Shearson v. Holder*, 725 F.3d 588, 594 (6th Cir. 2013) (citation omitted).

Petitioner asks the Court to excuse administrative exhaustion. (ECF No. 8 at PageID 32.) Petitioner argues that this Petition presents a "purely legal question" fit for resolution by the Court and that administrative exhaustion would be futile. (*Id.*)

At this point, Petitioner is not asking the Court a purely legal question, as had been the case before the Sixth Circuit's decision in *Lopez-Campos v. Raycraft*. 175 F.4th 713 (6th Cir. 2026). In fact, a bond hearing is an inherently fact-based proceeding. If the Court were to rule in Petitioner's favor here, he would either be immediately released without a bond hearing and skip the process of refuting the government's justifications for detaining him, the process to which he is entitled under 8 U.S.C. § 1226. Or he would receive a bond hearing upon the order of the Court, one which he could have requested months ago.

The Court finds also that Petitioner has not shown that it would be futile to order Petitioner to exhaust his administrative remedies because the Sixth Circuit has already directed the immigration courts to provide petitioners with individualized bond hearings under these facts. *Id.* Petitioner did not provide a compelling argument otherwise at the hearing. While the Court sympathizes with the burden that sudden detention places on Petitioner and his family, filing a habeas petition is not a get-out-of-jail-free card, and habeas relief remains available pending Petitioner's exhaustion of administrative remedies.

It is true that this Court has excused exhaustion for some noncitizens challenging their detention before ruling on their petitions. That was before the *Lopez-Campos* ruling. At that time, administrative exhaustion was futile. *See, e.g.*, *Urrutia-Diaz v. Ladwig*, No. 25-3098, 2025 WL 3689158, at *3–4 (W.D. Tenn. Feb. 13, 2026). But the Court now doubts that approach

given the Sixth Circuit's ruling in *Lopez-Campos* and Respondent's commitment to apply its holding in the many habeas cases the Court considers each week. *See Rodriguez v. Bullock*, No. 2:26-cv-02726-TLP-tmp (W.D. Tenn. Aug. 3, 2026). And given these developments, the Court finds it more appropriate to abide by "the general rule that parties exhaust prescribed administrative remedies before seeking relief from federal courts." *McCarthy*, 503 U.S. at 144–45 (citation omitted); *see also Bartolon v. Bondi*, 813 F. Supp. 3d 811, 825 (S.D. Ohio 2025) ("Petitioner's apparent attempt to sidestep the BIA appeals process in favor of habeas review highlights the need for an exhaustion requirement here to protect agency authority, limit interference with agency affairs, and promote judicial efficiency." (citing *Beharry v. Ashcroft*, 329 F.3d 51, 56 (2d Cir. 2003)).

For these reasons, the Court concludes that Petitioner must exhaust his available administrative remedies before seeking federal-court intervention.

## CONCLUSION

Because Petitioner failed to exhaust his administrative remedies, the Court **DENIES** the Petition and **DISMISSES** this case **WITHOUT PREJUDICE**.

**SO ORDERED**, this 10th day of August, 2026.

s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE